UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

EDWARD LEE LEWIS,
    *Defendant-Appellant.*

No. 02-4889

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-02-42)

Submitted: August 29, 2003

Decided: September 16, 2003

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Tracy Weese, Shepherdstown, West Virginia, for Appellant. Kasey Warner, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Lee Lewis was convicted of four counts of mailing threatening communications, 18 U.S.C. § 876 (2000), one count of mailing a threatening communication to the President, 18 U.S.C. § 871 (2000), and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). He was sentenced to 192 months in prison. We affirm.

I

In January 2002, four letters were mailed to various individuals in the Charleston, West Virginia, area. The addressees included a state circuit judge, the governor, and a federal district judge. A fifth letter was mailed to President Bush. The envelopes contained a white, powdery substance, cigarette butts, and a threatening letter. The return address area on the envelope contained the name "Gloria Fields."

Officers who interviewed Ms. Fields learned that she had sent Edward Lee Lewis some letters as she was ending a brief relationship with him. It appeared that the person who had sent the letters containing the powder had cut words from one or more letters that Fields had sent Lewis and photocopied them onto blank stationery of the type on which Fields' letters to Lewis were written.

Postal inspectors obtained an arrest warrant for Lewis. They executed the warrant and arrested him. Following the arrest, a postal inspector looked through the windows of Lewis' pickup truck, which was parked in the driveway of the residence where he was arrested. The postal inspector saw cigarette butts, a copy of the threatening letter that had been mailed, blue pages (government listings) from a telephone book, and a typewriter.

A search warrant for the truck was issued and executed. Officers retrieved from the truck two typewriters, an original letter that Fields had sent Lewis, with words cut out of it, matching stationery with the words, "If I were you I'd change my attitude" pasted on it, copies of

that letter, a twelve-gauge shotgun, ammunition, and other incriminating evidence.

Prior to trial, Lewis moved to suppress the evidence seized from the truck. The district court denied the motion. A jury convicted him on all six counts, and he was sentenced as an armed career criminal to 192 months in prison.

## II

Lewis first claims that the district court erred in denying his motion to suppress. We review the district court's factual findings on this issue for clear error and its legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). If a suppression motion was denied, we construe the evidence in the light most favorable to the prevailing party. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Here, we conclude that the postal inspector's observation of incriminating items through the windows of Lewis' truck did not constitute a "search" protected by the Fourth Amendment. "[A] 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Breza*, 308 F.3d 430, 433 (4th Cir. 2002). The central question is whether the defendant "'manifested a subjective expectation of privacy in the object of the challenged search' and whether 'society [is] willing to recognize that expectation as reasonable.'" *United States v. Taylor*, 90 F.3d 903, 908 (4th Cir. 1996) (*quoting California v. Ciraolo*, 476 U.S. 207, 211 (1986)). In *Taylor*, we observed:

> [W]hat a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection. . . . Thus, a law enforcement officer's observations from a public vantage point where he has a right to be and from which the activities or objects he observes are clearly visible do not constitute a search within the meaning of the Fourth Amendment.

*Taylor*, 90 F.3d at 908 (internal citations and quotation marks omitted).

Here, Lewis' truck was parked feet from a public road, and anyone who walked into the driveway could have observed the contents of the truck. There had been no attempt to conceal the truck or its contents. The postal inspectors had a right to be on the property. We conclude that the observation of unobscured items through the window of Lewis' pickup truck did not constitute a search under the Fourth Amendment. Thus, the district court properly denied the suppression motion.

## III

Lewis contends that he was erroneously sentenced as an armed career criminal. *See* 18 U.S.C. § 924(e) (2000). He concedes that he pleaded guilty in 1999 to three counts of daytime burglary. The offenses occurred on different days and involved different residences and victims. Thus, we reject his claim that the three convictions should have been treated as a single offense. *See United States v. Hobbs*, 136 F.3d 384, 387-89 (4th Cir. 1998). Furthermore, the definition of daytime burglary in West Virginia, *see* W. Va. Code Ann. § 61-3-11(a)-(b) (Michie 2000), satisfies the generic definition of burglary because it has as elements the unlawful or unprivileged entry into a building with the intent to commit a crime. As such, the burglaries qualify as violent felonies for armed career criminal status. *See Taylor v. United States*, 495 U.S. 575, 599-602 (1990). Because Lewis had three previous convictions for violent felonies, we find that he was properly sentenced under § 924(e).

## IV

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*